**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Gor Antonyan, Esq. (354718)
gor@kazlg.com
David J. McGlothlin, Esq. (253265)
david@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800)400-6808
Facsimile: (800)520-5523

*Attorneys for Plaintiff*,
Avetik Kurazyan

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AVETIK KURAZYAN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**IRONBEAM INC.,**<br><br>**Defendant.** | **Case No.:**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE § 630 ET SEQ.**<br><br>**Jury Trial Demanded** |

- 1 -
COMPLAINT

**Introduction**

1. Plaintiff AVETIK KURAZYAN ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of IRONBEAM, INC. and its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

**Jurisdiction and Venue**

3. Jurisdiction is proper under 28 U.S.C. § 1332(d) ("CAFA"), which provides for original jurisdiction of the federal courts of any class action in which any member of the class is a citizen of a state different from the defendant, and in

which the matter in controversy exceeds, in the aggregate, the sum of $5 million, exclusive of interest and costs.

4. The total claims of individual class members in this action are well in excess of $5 million, as each illegally recorded telephone call would provide statutory damages in the amount of $5,000.

5. Further, on information and belief, Defendants have made and received at least thousands of telephone calls illegally recording Plaintiff and the putative class, without consent or knowledge, thereby satisfying the requirements under 28 U.S.C. § 1332(d)(2), (5).

6. Based on the belief that thousands of individuals in California would be included in any certified class, the numerosity requirement, exceeding forty members, is satisfied, pursuant to 28 U.S.C. § 1332(d)(5)(B).

7. Plaintiff and most of the members of the putative class are citizens of California, and Defendant is a citizen of Delaware and Illinois. Therefore, diversity of citizenship exists under CAFA as defined by 28 U.S.C. § 1332(d)(2)(A).

## Venue

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because Plaintiff resides in this judicial district of California, a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the Central District of California (Plaintiff's telephone calls were illegally recorded while Plaintiff was in this judicial district) and Defendant conducts business in the County of Los Angeles.

## Parties

9. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the City of Los Angeles, County of Los Angeles, State of California.

10. Defendant is, and at all times mentioned herein was, a corporation incorporated in the state of Delaware with primary corporate address located in Chicago, Illinois.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by California Penal Code § 632(b). Defendant has a policy and practice of recording telephone conversations with the public, including California residents.

12. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant placed calls to residents of the State of California, for the furtherance of its insurance business and therefore conducted business in the State of California.

**Factual Allegations**

14. At all times relevant, Plaintiff is an individual residing within the State of California.

15. In or around August 2024, Plaintiff began searching for a company to assist him in starting and learning about futures trading. Plaintiff came across the Defendant's services online.

16. On or about August 23, 2024, at approximately 11:06 a.m. PST, Plaintiff made a call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

17. On or about August 26, 2024, at approximately 9:07 a.m. PST, Plaintiff made a call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

18. On or about August 27, 2024, at approximately 8:24 a.m. PST, Plaintiff made a call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

19. On or about August 27, 2024, at approximately 8:26 a.m. PST, Plaintiff made another call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

20. On or about August 29, 2024, at approximately 8:44 a.m. PST, Plaintiff made a call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

21. On or about October 1, 2024, at approximately 2:28 p.m. PST, Plaintiff made a call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

22. On or about October 2, 2024, at approximately 8:39 a.m. PST, Plaintiff made a call from his cellular telephone number 818-967-8767 to Defendant, to the telephone number 800-341-1941.

23. During this call on October 2, 2024, the Plaintiff inquired if the call was being recorded, and the Defendant's representative confirmed that all calls are recorded by the Defendant.

24. During the course of the above-mentioned calls, Plaintiff disclosed sensitive personal information, which included, but were not limited to, his financial details and personal identifying information.

25. Plaintiff is informed and believes, and thereupon alleges, that the abovementioned telephone calls from Defendant were recorded without Plaintiff's knowledge or consent. Defendant never informed Plaintiff that the calls would be recorded, except during the October 2, 2024 call, when Plaintiff specifically asked about it.

26. Plaintiff had no reasonable expectation that any of Plaintiff's cellular telephone conversations with Defendant would be recorded due to the private subject matter being discussed. Had Plaintiff known that said conversations were being recorded, Plaintiff would have conducted and spoken differently to the representative/s of Defendant.

27. Plaintiff was shocked that such confidential communications were recorded by Defendant without Plaintiff's knowledge or consent.

28. Plaintiff finds Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

29. Had Plaintiff received a recording disclosure at the outset of the call, as Plaintiff is accustomed to hearing, Plaintiff would have not discussed such private information with Defendant.

30. The conversations with Plaintiff were recorded by Defendant without Plaintiff's knowledge or consent, causing harm and damage to Plaintiff.

31. Other than at the conclusion of October 2, 2024 call, Plaintiff was never informed that Plaintiff's cellular telephone calls would be or were being recorded. At no time during the abovementioned calls did Plaintiff give consent for the cellular telephone call to be monitored, recorded and/or eavesdropped upon. Defendant failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Plaintiff that the calls were being recorded.

32. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers without their knowledge or consent. Defendant's employees and agents are directed, trained and instructed to, and do, record

cellular telephone conversations with the public, including Plaintiff and other California residents.

33. Plaintiff is informed and believes, and thereon alleges that from August 23, 2024 to the present, Defendant has installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines.

34. Defendant uses these recording devices to record each and every telephone conversation on said telephone lines.

35. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to and from the public, including those made to and from California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

36. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

**Class Action Allegations**

37. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

38. Plaintiff represents, and is a member of, the Class, consisting of:

All persons in California, who, at any time during the applicable limitations period beginning August 23, 2024, including any period tolled preceding the filing of this complaint through the date of resolution, called the Defendant, were called by Defendant, and participated in, one or more telephone conversations with representative of Defendant and whose calls were electronically recorded by Defendant or their agents, without consent.

39. Plaintiff seeks to represent the following subclasses:

    A. All California individuals, who, at any time during the applicable limitations period beginning August 23, 2024, including any period tolled preceding the filing of this complaint through the date of resolution, were called by, and participated in, one or more conversations concerning financial trading with representatives of Defendant or its agents, on a landline telephone (hereinafter Subclass A).

    B. All California individuals, who, at any time during the applicable limitations period beginning August 23, 2024, including any period tolled preceding the filing of this complaint through the date of resolution, were called by, and participated in, one or more cellular telephone conversations with representatives of Defendant or its agents, on a cellular telephone (hereinafter Subclass B).

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendants' agent's records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including the following:

    a.    Whether Defendant has a policy of recording incoming and/or outgoing calls;

    b.    Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

    c.    Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

    d.    Whether Defendant's policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7; and 637;

    e.    Whether Plaintiff, and The Class were damaged thereby, and the extent of damages for such violations; and

    f.    Whether Defendant should be enjoined from engaging in such conduct in the future.

38. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

39. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

40. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

43. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### First Cause Of Action

### Invasion of Privacy: Violation of Penal Code § 632

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. At all times relevant herein, Defendant routinely communicated by telephone with Plaintiff and other members of the Class and Subclass A in connection with Plaintiff and Subclass A members' financial trading matters.

47. At all times relevant herein, Defendant secretly recorded conversations between Plaintiff and members of the Class and Subclass A and Defendant.

48. In each of their conversations with Defendant, Plaintiff and members of the Class and Subclass A shared information relating to financial trading and other private issues. It was reasonable for the Plaintiff and members of the Class and Subclass A to expect that the conversations would be confined to the parties to the conversation, and that their conversations were not being overhead or recorded. Each of the conversations between Defendant and the Class and Subclass A were "confidential communications(s)" within the meaning of Cal. Penal Code § 632(c).

49. Cal. Penal Code § 632 prohibits a party from electronically recording confidential conversations without two-party consent.

50. Defendant's confidential telephone communications with Plaintiff and members of the Class and Subclass A were secretly and surreptitiously recorded by Defendant without obtaining consent to record such conversations.

51. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as

having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

## Second Cause Of Action

## Invasion of Privacy: Violation of Penal Code § 632.7

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of:

   a. the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

54. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

55. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

56. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

57. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every outgoing cellular telephone conversation over said telephone lines with Subclass B.

58. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of Subclass B utilizing cellular telephones, all in violation of California Penal Code § 632.7.

59. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

60. Because this case is brought for the purposes of enforcing important rights
    a. affecting the public interest, Plaintiff and The Sub-Class seek recovery of
    b. their attorney's fees pursuant to the private attorney general doctrine
    c. codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**Prayer For Relief**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

**First Cause of Action for Invasion of Privacy: Violation of Penal Code § 632**

- That this action be certified as a class action on behalf of The Class and Subclass A. Plaintiff be appointed as the representative of The Class;
- That Plaintiff's counsel be appointed as class counsel for The Class;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) (1) for Plaintiff and each member of The Class and Subclass A;
- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every incoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class.
- For costs of suit;
- For such further relief as this Court deems necessary, just, and proper.

**Second Cause of Action for Invasion of Privacy: Violation of Penal Code § 632.7**

- That this action be certified as a class action on behalf of The Class and Subclass B. Plaintiff be appointed as the representative of The Class and Subclass B;
- That Plaintiff's counsel be appointed as class counsel for The Class;

- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class and Subclass B;
- For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class and Subclass B;
- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class.
- For costs of suit;
- For such further relief as this Court deems necessary, just, and proper.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 4, 2024                           Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Gor Antonyan*
Gor Antonyan, Esq.
Abbas Kazerounian, Esq.
David J. McGlothlin, Esq.
*Attorneys for Plaintiff*